### SANTA ROSA COUNTY COMMISSION v. COUNTY JUDGE.

Circuit Court, Santa Rosa County.

May 23, 1958.

Bert Lane, Pensacola and W. D. Robertson and Curtis Golden, both of Milton, for plaintiffs.

A. G. Campbell, Jr., DeFuniak Springs, for defendants.

WOODROW M. MELVIN, Circuit Judge.

The board of county commissioners of Santa Rosa County brings this suit against Mahlon C. McCall, as county judge of said county, because of a dispute existing between said officials concerning the subject matter of various cost bills submitted by the county judge.

Plaintiff-commissioners contend that the defendant-county judge is entitled to no compensation for his services rendered in those cases pending in the county judge's court wherein the defendants posted a cash bond, failed to appear on their bond return date, and, as a consequence, by order of the court, the cash bond was ordered paid to the county, and the case dismissed.

Under the provisions of section 36.20, Florida Statutes 1957, for each case triable in the county judge's court the county judge is to receive the sum of $7.50, and that compensation is considered as earned when the court has entered in the case a "final judgment order".

It is contended by counsel for plaintiff-commissioners that—(1) this section allows compensation to the county judge only in those cases where there is a judgment of guilt or innocence entered in the cause; (2) that the county judge has no legal right to compensation for services rendered by him in those cases where, by order of the court, an absent defendant's cash bond has been estreated, paid over to the county and the case, by order of the court, dismissed; and (3) that the county judge has no authority to enter a valid order dismissing a case pending in that court.

In each case for which a cost bill is challenged by the commissioners, there was entered by the county judge of Santa Rosa County a judgment in the following form—"It is, therefore, the judgment of the court that the defendant, being called, failed to appear in court. Cash bond in [amount of bond here is set forth] estreated and case dismissed". Such judgment is then executed under the hand and seal of the county judge.

The court has very carefully considered the argument offered by the attorneys for the parties to this cause.

Under the provisions of section 36.02, Florida Statutes 1957, it is provided that—"County judge's courts shall be courts of record, and county judges shall have authority to make all orders or decrees, and to issue every and all process necessary to maintain and carry out their constitutional jurisdiction, or to enforce their authority, and to enter and enforce their judgments and decrees in all matters wherein they have jurisdiction".

The provisions of this section are sufficiently broad to authorize a county judge to enter an order estreating a cash bond and to dismiss the case. Such an order of dismissal finally concludes the particular case in which it is entered, and is a final judgment order within the meaning of section 36.20.

It is the opinion of the court that when an order is entered by the county judge dismissing a criminal case which is triable in that court, such case has been thereby terminated, and the county judge has earned and is entitled to payment of his fee provided by law for his services.

Any other conclusion than that here reached would leave the county judge's court in the helpless position of having the court's docket crowded with stale cases, many of which might be pending against absent and unknown defendants who had posted and forfeited their cash bonds, and gone their way. The court, of necessity, must have authority to control its docket.

Let a final decree be prepared granting relief to the defendant in accord with this opinion.